# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALBERT SHINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-18-838-PRW |
| | ) | |
| ANDREW SAUL, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. 24), following this Court's adoption of the Magistrate Judge's report and recommendation in his favor (Dkt. 22). Defendant objects because he asserts his position was substantially justified, thus barring an award of attorney's fees.

A fee award is required under the EAJA if "(1) the plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[1] Upon consideration of the law and the record, the Court finds that Plaintiff is entitled to the requested fee award.

---

[1] *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (citing 28 U.S.C. § 2412(d)(1)(A)).

**(1) Plaintiff is a prevailing party**

Since the Court ordered this case reversed and remanded pursuant to 42 U.S.C. § 405(g)(4), Plaintiff is a prevailing party.[2] Defendant does not contest this.

**(2) Defendant's position was not substantially justified**

The position of Defendant must be substantially justified to avoid imposition of a fee award in this scenario.[3] The position of Defendant includes both "the position taken by the United States in the civil action," as well as "the action or the failure to act by the agency upon which the civil action is based."[4] Defendant bears the burden of demonstrating that his position was substantially justified by proving "that [his] case had a reasonable basis in law and in fact."[5] Just because Defendant was unsuccessful on the merits does not automatically mean his position was not substantially justified.[6] Indeed, all Defendant must show is that his position was "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."[7]

The action by the agency upon which the civil action was based was not substantially justified. This Court adopted the Magistrate Judge's recommendation that the Commissioner's decision that Plaintiff was not "disabled" under the terms of the Social

---

[2] *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party.").

[3] *See* 28 U.S.C. § 2412(d)(1)(A).

[4] *See id*. § 2412(d)(2)(D).

[5] *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (internal citation omitted).

[6] *Id.*

[7] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation omitted).

Security Act be reversed and remanded because the Administrative Law Judge did not weigh the opinion of treating physician Dr. Bradley Bohnstedt, M.D. The Tenth Circuit requires an ALJ to perform a two-step inquiry when assessing the medical opinions of a claimant's treating physician.[8] First, an ALJ must determine whether the medical opinion should be given controlling weight; it should if it is "well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record."[9] If not, it is deficient and the ALJ must move on to step two of the inquiry where the ALJ "must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned."[10]

Defendant argues that the path taken by the ALJ was "reasonably discernable," and urges the Court to heed the warning of the Supreme Court and Congress "that reviewing courts not become 'impregnable citadels of technicality.'"[11] But Defendant fails to address, and there is no getting around, the ALJ's failure to engage in the two-step analysis mandated by the Tenth Circuit. The ALJ clearly did not give Dr. Bohnstedt's opinion controlling weight, nor explicitly state how much weight, if any, it gave to the opinion.

---

[8] *See Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

[9] *Id.*

[10] *Id*.

[11] Def.'s Obj. to Mot. for Attorney's Fees Under the Equal Access to Justice Act (Dkt. 26) at 5–6.

Because the ALJ did not follow the required two-step inquiry, Defendant's position in the civil action was not substantially justified.

**(3) No special circumstances would make an award unjust**

Defendant does not argue that any special circumstances would make an award unjust; the Court is also unaware of any such special circumstances.

The Court also notes that Defendant does not contest Plaintiff's assertion that he meets the net worth requirements of 28 U.S.C. § 2412(d)(2)(B) to be considered a "party" under the EAJA and eligible to recover fees.

*Amount of Fee Award*

Plaintiff requests an award of $6,487.50 in EAJA fees calculated as follows:

- 27.2 attorney hours for work performed in 2018 at a rate of $202.00 per hour; 2.9 attorney hours for work performed in 2019 at a rate of $204.00 per hour.

- 3.65 paralegal hours for work performed in 2018 and 2019 at a rate of $110.00 per hour.[12]

Plaintiff's counsel has provided an itemized statement of the actual time expended by counsel and a paralegal representing Plaintiff in the district court litigation. The Court finds that Plaintiff's uncontested statement is a reasonable amount of time expended in this matter.

The EAJA caps an award of attorney's fees at $125.00 per hour, unless the Court determines that "an increase in the cost of living" or some "special factor" justifies a higher

---

[12] Itemized Statement (Dkt. 24-1).

fee.[13] Plaintiff requests an hourly rate of $202.00 per hour for work performed in 2018, and $204.00 per hour for work performed in 2019. In support, Plaintiff provides an August 2019 memorandum from the Social Security Office of the General Counsel in Denver stating that these are the reasonable maximum hourly rates for attorney work performed in 2018 and 2019 in social security matters in the district courts of Oklahoma.[14] The Court finds that these hourly rates, to which Defendant does not object, are reasonable.

Plaintiff may also "recover [his] paralegal fees from the Government at prevailing market rates."[15] He requests an hourly rate of $110.00 for work performed in both 2018 and 2019. Again, Defendant does not object to this rate. The Court finds that this rate is consistent with the prevailing market rates in the Western District of Oklahoma.[16]

Accordingly, the Court finds that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Dkt. 24) should be **GRANTED**. The Court awards Plaintiff $6,487.50 in attorney's and paralegal fees. This amount shall be paid directly to Plaintiff and sent in care Miles L. Mitzner, Mitzner Law Firm, 809 East 33rd Street, Edmond, Oklahoma 73013.

---

[13] 28 U.S.C. § 2412(d)(2)(A).

[14] Memo. of Denver OGC Office Regarding Social Security Litigation in Oklahoma & New Mexico (Dkt 25-1).

[15] *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

[16] *See, e.g., Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1233 (W.D. Okla. 2017).

**IT IS SO ORDERED** this 29th day of January, 2020.

                                             PATRICK R. WYRICK
                                             UNITED STATES DISTRICT JUDGE